UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PHILLIP ORLANDO EALY JOHNSON #625934 | CIVIL ACTION NO. 19-147 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN ANGOLA STATE PRISON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion for reconsideration,[1] filed by Petitioner Phillip Orlando Ealy Johnson ("Johnson") [Record Document 25]. The motion has been fully briefed. For the foregoing reasons, Johnson's motion for reconsideration is **DENIED**.

### I. Background

Johnson filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. On June 23, 2014, Johnson was sentenced to life in prison without parole after a jury found him guilty of the aggravated rape and kidnapping of a thirteen-year-old girl. Record Document 1 at 1. His conviction and sentence were subsequently affirmed by the Louisiana Second Circuit Court of Appeal. *Id.* at 2. He then filed two post-conviction applications in state court that were denied. *Id.* at 3-17.

On March 31, 2022, the Court adopted a report and recommendation, *see* Record Document 15 at 1, wherein Magistrate Judge Hornsby recommended that Johnson's petition for writ of habeas corpus be denied, *see* Record Document 13 at 12. The Court also denied Johnson's certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. Record Document 15 at 1. On May 6, 2023, Johnson filed a notice of appeal, Record Document 17,

---

[1] Johnson also seeks judicial notice regarding the filing of an inmate banking certification. Record Document 25 at 2. However, it is unclear of what Johnson is specifically requesting the Court take notice.

1

which the Fifth Circuit dismissed for want of jurisdiction, *see Johnson v. Hooper*, 22-30284, 2022 WL 16824545 at *1 (5th Cir. 2022).

Johnson moves the Court to reconsider its denial of habeas corpus pursuant to Federal Rule of Civil Procedure 60(b) because: 1) an affidavit that calls the victim's credibility into question and proves his innocence was submitted but not presented to the jury; 2) the decision not to raise a second *Batson* challenge constituted ineffective assistance of counsel; and 3) the prosecutor made impermissible statements to the jury during closing argument. *Id.* at 2-7.[2]

**II.     Law and Analysis**

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration; however, there are mechanisms by which a Court may reconsider a previous ruling under certain limited circumstances. *See Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *see also Miller Pharmacy Servs., LLC v. AmerisourceBergen Drug Corp.*, 21-207, 2021 WL 2627452, at *2 (W.D. La. Mar. 30, 2021) (stating that "[t]he Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*."). As previously mentioned, Johnson files the foregoing motion pursuant to Federal Rule of Civil Procedure 60(b), which states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[2] Johnson also argues that—despite his untimely response—the Fifth Circuit should have considered the arguments in support of his petition "in the interest of justice." Record Document 25 at 2. This Court is bound by all rulings of the Fifth Circuit, and as such, does not have the authority to reconsider the Fifth Circuit's dismissal of Johnson's appeal.

2

Rule 60(c) requires that any motion filed under Rule 60(b)(1)-(3) must be made within a year, and within a "reasonable time" for any motion filed under Rule 60(b)(4)-(6). Johnson argues that his motion should be granted based on Rule 60(b)(1), (5), and (6). Record Document 25 at 3-4. As the Court previously mentioned, Johnson argues that the Court erred because he has submitted an affidavit which proves his innocence, his trial counsel failed to raise a second *Batson* challenge, and the prosecutor made impermissible statements during closing argument. *Id.* at 2-7. All three of Johnson's arguments were discussed and analyzed in the report and recommendation that the Court subsequently adopted. *See* Record Document 13 at 3-8. The Court will first provide a brief synopsis of each of Johnson's arguments.

First, Johnson argues that he has submitted an affidavit from one of the victim's neighbors that calls the victim's credibility into question and proves his innocence. Record Document 25 at 5-6. In the report and recommendation, Magistrate Judge Hornsby noted that Johnson's petition could not be granted on this issue because "a claim of actual innocence based on newly discovered evidence does not state an independent ground for habeas relief. Rather, a claim of actual innocence may only serve as a gateway through which a habeas petitioner must pass to have an otherwise procedurally barred constitutional claim considered on the merits." Record Document 13 at 12 (citing *Herrera v. Collins*, 506 U.S. 390, 392 (1993); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013)). In the foregoing motion, Johnson argues only that "[h]ad the jury been informed of [the affidavit], the verdict would have been different." Record Document 25 at 6. He does not enunciate why the Court's denial of his petition on this issue was erroneous.

Second, Johnson claims that his counsel rendered ineffective assistance during trial because he did not raise a second challenge to the State's peremptory strikes against black prospective

jurors, also known as a *Batson*³ challenge. *Id.* After reviewing the record, Magistrate Judge Hornsby found that Johnson's counsel was not "constitutionally deficient in his performance to omit such a challenge, and Petitioner cannot show that there is a reasonable likelihood that his verdict would have been different had counsel made the challenge." Record Document 13 at 6. In his motion, Johnson does not articulate why he believes the Court erred in denying his petition for writ of habeas corpus on this issue. Record Document 25 at 6.

Finally, Johnson avers that he adequately "argued that his conviction was obtained with the use of prosecutor misconduct during Closing Arguments . . . [and] that defense counsel was ineffective for failing to object to such." Record Document 25 at 6-7. Johnson claims that during closing arguments, the prosecutor impermissibly opined about the evidence against him to which his counsel failed to object. *Id.* at 7. During his post-conviction application for relief, the state trial court found that statements made by the prosecutor were based on evidence presented at trial and were "within the scope of proper closing argument." Record Document 13 at 8 (citation omitted). Because it found that the prosecutor's statements were permissible, there were no statements to which Johnson's counsel should have objected. *See* Record Document 13 at 3, 6. This Court adopted Magistrate Judge Hornsby's recommendation that Johnson's petition also be denied as to this issue, finding that the state court's denial of post-conviction relief on this issue was correct and "well-reasoned." *Id.* at 8-9. In his motion, Johnson does not enunciate why this finding was erroneous.

As Defendant notes in its opposition and as this Court has already highlighted, Johnson fails to articulate any specific reasons why he believes that the Court erred when it denied his petition

---

³ *See Batson v. Kentucky*, 476 U.S. 79, 96-98 (1986) (outlining the three-pronged analysis that a court must employ to determine whether the peremptory strikes used by a party were based on the jurors' race).

4

for writ of habeas corpus. Record Document 27 at 6. Instead, Johnson's "arguments" are mere recitations of caselaw followed by legal conclusions without any analysis or evidence in support of his assertions. The Court is not required to accept these conclusions as fact. A mere disagreement with the resolution or final judgment of a matter is not enough to warrant reconsideration. As such, Johnson is not entitled to reconsideration.

### III. Conclusion

For the reasons stated above, Johnson's motion for reconsideration [Record Document 25] is **DENIED**.

**THUS DONE AND SIGNED** this 18th day of August, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE